**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FOREST DOUGLAS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **4:15-cv-01243** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **PROCOLLECT, INC.,** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

NOW COMES the Plaintiff, FOREST DOUGLAS, JR., by and through his attorneys, SMITHMARCO, P.C., and for his complaint against the Defendant, PROCOLLECT, INC., Plaintiff states as follows:

### I.   PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq and the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II.   JURISDICTION & VENUE

2.     Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.     Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.   PARTIES

5.     FOREST DOUGLAS, JR., (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of St Charles, County of St. Charles, State of Missouri.

6.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly owed by Plaintiff to Villages of Bogey Hills.

7.      The debt that Plaintiff allegedly owed Villages of Bogey Hills was relative to a residential lease on Plaintiff's then primary residence; hence, the debt was incurred for household expenditure.

8.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.      PROCOLLECT, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Missouri.  Defendant's principal place of business is located in the State of Texas.   Defendant is incorporated in the State of Texas.

10.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

12.     The debt that Defendant was attempting to collect  from Plaintiff was, upon information and belief, a debt incurred for personal use and/or for household expenditure.

13.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV.   ALLEGATIONS

## COUNT I: VIOLATION OF THE FDCPA

16.     On or about March 15, 2015 Plaintiff received a voicemail call from a duly authorized representative of Defendant, who stated that it was calling to collect a debt allegedly owed by Plaintiff to Villages of Bogey Hills.

17.     Plaintiff called back Defendant and spoke with an individual who identified herself as Mrs. Anderson.  During the course of the telephone call Defendant informed Plaintiff that it was attempting to collect the Debt and that the Debt pertained to a supposed clean up charge at Plaintiff's former residence.  Plaintiff explained to Defendant that when the apartment was vacated, it had been completely cleaned and that there would be no reason for any cleaning charges.  Plaintiff disputed the Debt and asked Defendant to provide some documentation to support the charges on the Debt.

18.     In response to Plaintiff's request for validation, Defendant refused and stated that it had already mailed out correspondence to Plaintiff and would not do so again.

19.     Defendant also informed Plaintiff that Plaintiff needed to pay the Debt by March 21, 2015 or else.  Defendant then immediately thereafter intentionally disconnected the call.

20.     On or about May 22, 2015, Plaintiff received a further telephone call from Defendant in an attempt to collect the Debt.  Again, Defendant informed Plaintiff that the Debt had to be paid "or else".  Again, Defendant intentionally disconnected the call.

21.     Plaintiff called back Defendant and was connected to an individual that identified himself as Barry Curtis, the Vice President of Defendant.  Mr. Curtis told Plaintiff that they were playing games and then intentionally disconnected the call

22.     The aforesaid statements by Defendant, that Plaintiff had to pay the debt "or else" had the effect of conveying to an unsophisticated consumer that Defendant was going to proceed with filing a lawsuit against Plaintiff in an attempt to collect the Debt.

23.     Defendant's representations, as delineated above, were false, deceptive and misleading given that Defendant had no intention of filing a lawsuit against Plaintiff to collect the Debt.

24.     Upon information and belief, Defendant has not filed a lawsuit against Plaintiff for the Debt.

25.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the Debt.

26.     Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the Debt.

27.     Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the Debt.

28.     Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

29.     In its attempts to collect the debt allegedly owed by Plaintiff to Villages of Bogey Hills, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

      a.   Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

      b.   Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

      c.   Failed to comply with the provisions of 15 U.S.C. §1692g(a);

      d.   Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

30.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, FOREST DOUGLAS, JR., by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

      a.     All actual compensatory damages suffered;

      b.     Statutory damages of $1,000.00;

      c.     Plaintiff's attorneys' fees and costs;

      d.     Any other relief deemed appropriate by this Honorable Court.

## COUNT II: VIOLATION OF THE TCPA

31.     Plaintiff re-alleges and incorporates by reference each of the preceding paragraphs in this complaint as though fully set forth herein.

32.     Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

33.     Defendant placed the aforesaid calls on multiple dates and time, including,  but not limited to the following dates: March 1, 2015, March 5, 2015, March 15, 2015, March 16, 2015, March 20, 2015, March 30, 2015, April 8, 2015, April 17, 2015, May 12, 2015, and May 27, 2015

34.     Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed.

35.     Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, FOREST DOUGLAS, JR., by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

   a.  All actual compensatory damages suffered;

   b.  Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

   c.  Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C); and,

   d.  Any other relief deemed appropriate by this Honorable Court.

## V.  JURY DEMAND

36.   Plaintiff hereby demands a trial by jury on all issues so triable.


      Respectfully submitted,
      **FOREST DOUGLAS, JR.**

     By: ___s/ David M. Marco_____
      Attorney for Plaintiff

6

Dated: August 13, 2015

David M. Marco (Atty. No.: 6273315IL)
SMITHMARCO, P.C.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone:   (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:        dmarco@smithmarco.com